# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BIOBASED SYSTEMS, L.L.C., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-06-2149 |
| | § | |
| BIOBASED OF SOUTH TEXAS, | § | |
| LLC, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Confirm Arbitration Award [Doc. # 15] filed by Plaintiff Biobased Systems, L.L.C. ("Biobased") and the Motion to Vacate Arbitration Award [Doc. # 12] filed by Defendants Biobased of South Texas, LLC ("Biobased Texas"), and Terry S. Crawford. The Court has carefully reviewed the record in this case. Based on the Court's review of the full record and the application of relevant legal authorities, the Court **confirms** the Arbitration Award.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Biobased owns rights in a product known as Soy Based Insulation Foam, and licensed Biobased Texas as its exclusive distributor in a number of Texas counties. The Distribution Agreement between the parties included an arbitration provision. Terry Crawford personally guaranteed payments owed by Biobased Texas to Biobased.

A dispute arose between the parties regarding payment of two invoices totaling $132,840.00. In accordance with the arbitration agreement, the dispute was submitted to arbitration with the American Arbitration Association ("AAA"). The arbitrator issued an award in favor of Biobased on June 1, 2006. The award in the amount of $162,947.57 included the $132,840.00 due for the two invoices, $12,634.00 in attorneys' fees, $8,192.96 in costs, and $9,280.61 in interest.

Plaintiff filed this lawsuit to confirm the arbitration award, and Defendants moved to vacate the award. The matters have been fully briefed and are ripe for decision.

## II. STANDARD OF REVIEW OF ARBITRATION AWARD

A Court's review of an arbitration award is "exceedingly deferential" and the award can be vacated only on "very narrow grounds." *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004). "A court must affirm an arbitral award if the arbitrator is 'arguably construing or applying the contract and acting within the scope of his authority.'" *Teamsters Local No. 5 v. Formosa Plastics Corp.*, 363 F.3d 368, 371 (5th Cir. 2004) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

The Federal Arbitration Act ("FAA") sets forth the four statutory bases for vacating an arbitration award:

>   (1) where the award was procured by corruption, fraud or undue means;
>
>   (2) where there is evidence of partiality or corruption in the arbitrators, or either of them;
>
>   (3) where the arbitrators were guilty of misconduct . . . or any other misbehavior by which the rights of any party have been prejudiced; or
>
>   (4) where the arbitrators exceeded their powers . . ..

9 U.S.C. § 10(a). The Fifth Circuit recognizes two nonstatutory bases for vacating an arbitration award – (1) the award is in manifest disregard of the law and (2) the award is contrary to public policy. *See Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 353 (5th Cir. 2004). "The party moving to vacate an arbitration award has the burden of proof." *Lummus Global Amazonas S.A. v. Aguaytia Energy del Peru, S.R. Ltda.*, 256 F. Supp. 2d 594, 604 (S.D. Tex. 2002).

### III. ANALYSIS

Defendants argue that the arbitration award should be vacated because the arbitrator refused to permit them to call witnesses, evidencing arbitrator misconduct and partiality.[1]  Plaintiff argues that the request to vacate the award is untimely and, on the merits, argues that Defendants have not shown misconduct or partiality that would

---

[1] Defendants do not argue that the arbitrator had a conflict of interest or other issue which he failed to disclose. Defendants argue only that the arbitrator's conduct indicated a bias against Defendants.

require the Court to vacate the arbitration award. Plaintiff also seeks to recover its attorney's fees incurred in this proceeding to confirm the arbitration award.

### A.  Timeliness of Motion to Vacate Arbitration Award

The arbitration award was faxed to all parties on June 2, 2006. Defendants filed their original Motion to Vacate Arbitration Award [Doc. # 11] on September 5, 2006.

The FAA permits a party to file a motion to vacate an arbitration award within three months after receiving notice of the award. *See* 9 U.S.C. § 12. Three months after the parties received notice of the award was September 2, 2006. That date, however, was a Saturday and the following Monday was a federal holiday. As a result, the deadline was extended to September 5, 2006, and Defendants' filing of their motion on that date was timely.

### B.  Misconduct and Partiality

"To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006) (citation omitted). "An arbitrator is not bound to hear all of the evidence tendered by the parties . . . [He] must give each of the parties to the dispute an adequate opportunity to present its evidence and arguments." *Karaha Bodas Co., L.L.C. v Perusahaan*

*Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 300 (5th Cir.) (internal quotations and citation omitted), *cert. denied*, 543 U.S. 917 (2004). "Every failure of an arbitrator to receive relevant evidence does not constitute misconduct requiring vacatur of an arbitrator's award. A federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings." *Id.* at 301.

In determining whether the arbitration award should be vacated based on allegations of arbitrator misconduct and partiality, the history of the arbitration process in this case is important. The arbitrator established an August 26, 2005, deadline for the parties to identify the witnesses they intended to present in the case, and scheduled an initial arbitration hearing for September 7, 2005. Defendants did not identify their witnesses until August 29, 2005, and neither Defendants nor their counsel appeared at the hearing. Nonetheless, the arbitrator held the hearing open until October 17, 2005, to allow additional time for Defendants to submit evidence. On October 14, 2005, Defendants submitted two affidavits with exhibits challenging the validity of the debt claimed by Plaintiff. The arbitrator scheduled a hearing for November 1, 2005, but Defendant Biobased Texas filed a bankruptcy petition on October 31, 2005.

The Bankruptcy Court dismissed Biobased Texas's bankruptcy case on February 20, 2006. The arbitrator then established an April 21, 2006, deadline for the

parties to exchange witness lists and exhibits, and scheduled the case for an evidentiary hearing on May 2, 2006. Although Defendants had submitted an untimely witness list in August 2005, they did not exchange updated witness lists and exhibits by the April 21, 2006, deadline. As a result, the arbitrator ordered that Defendants would not be allowed to "present witnesses" at the arbitration hearing.

Defendants did not appear for the May 2, 2006, hearing. Biobased submitted exhibits, which the arbitrator sent to Defendants. The arbitrator gave Defendants until May 11, 2006, to submit their own evidentiary documents or other exhibits. Although it is undisputed that Defendants received the arbitrator's correspondence with Biobased's evidence, Defendants did not submit any additional evidence to the arbitrator.

The arbitrator considered the affidavits and exhibits submitted by Defendants in October 2005 and the evidence submitted by Plaintiff. Based on his review of the evidence in the record, the arbitrator issued the arbitration award.

The arbitrator engaged in neither misconduct nor partiality. Defendants in October 2005 filed their witness list late and they did not comply with the arbitrator's April 21, 2006, deadline to exchange witness lists and exhibits with Plaintiff. Although the arbitrator precluded Defendants from presenting live testimony at the evidentiary hearing, he went to great lengths to give Defendants an adequate opportunity to present

their evidence and arguments in written form. The arbitrator considered the evidence submitted by Defendants in 2005. The arbitrator also sent to Defendants the evidence presented by Plaintiff at the 2006 arbitration hearing and gave Defendants additional time to present any evidence in response. Defendants' decision not to submit evidence does not constitute misconduct or partiality on the part of the arbitrator. Because Defendants have failed to show arbitrator misconduct or partiality, they have failed to establish a basis to vacate the arbitration award.

### C.     Plaintiff's Request for Attorney's Fees

Plaintiff seeks to recover its attorney's fees for this lawsuit to confirm the arbitration award. Unless the parties agree in their contract for the recovery of attorney's fees or there is statutory authorization for such recovery, each party to litigation in federal court bears its own attorney's fees. *See Sarofim v. Trust Co. of the West*, 2005 WL 1155072, * 1 (S.D. Tex. May 9, 2005) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 245-47 (1975); *Texas A & M Research Found. v. Magna Transp. Corp., Inc.,* 338 F.3d 394, 405 (5th Cir. 2003); *Galveston County Navigation Dist. No. 1 v. Hopson Towing Co.,* 92 F.3d 353, 356 (5th Cir. 1996)). In this case, the parties' Distribution Agreement gives the arbitrator the power to award reasonable legal fees incurred in the arbitration, but does not provide for recovery of attorney's fees incurred in a proceeding to confirm and enforce an arbitration award.

The FAA does not provide for recovery of fees for confirmation proceedings. As a result, Plaintiff is not entitled to recover the fees it incurred in this case.

The Court has discretion, however, to award fees "if the opponent's reasons for challenging the award are 'without merit' or 'without justification,' or are legally frivolous, that is, brought in bad faith to harass rather than to win." *Id.* (citations omitted). A party who is unsuccessful in challenging an arbitration award does not necessarily act without justification and in bad faith. *Id.* In this case, the Court does not find that Defendants acted in bad faith and, therefore, the Court declines to award fees.

## IV.     CONCLUSION AND ORDER

Based on the limited scope of the Court's review of an arbitration award, and the absence of support for Defendants' arguments regarding arbitrator misconduct and partiality, it is hereby

**ORDERED** that the Motion to Confirm Arbitration Award [Doc. # 15] is **GRANTED** and the arbitration award issued June 1, 2006 is confirmed in its entirety. It is further

**ORDERED** that Defendants' Motion to Vacate Arbitration Award [Doc. # 12] and Plaintiff's request for attorneys' fees for this proceeding are **DENIED**.

The Court will issue a separate final order.

SIGNED at Houston, Texas, this **20th** day of **October, 2006**.

_____
Nancy F. Atlas
United States District Judge