**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| BIOBASED SYSTEMS, L.L.C., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-06-2149 |
| | § | |
| BIOBASED OF SOUTH TEXAS, | § | |
| LLC, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff Biobased Systems, L.L.C. ("Biobased") filed this lawsuit seeking confirmation of an arbitration award against Defendants Biobased of South Texas, LLC ("BST") and Terry S. Crawford. By Memorandum and Order [Doc. # 19] and Final Order [Doc. # 20] entered October 20, 2006, the Court granted the Petition to Confirm the Arbitration Award.

On March 2, 2007, Biobased filed an "Application for a Temporary Restraining Order, Temporary Injunction and Other Injunctive Relief" ("Application") [Doc. # 25] seeking an order from this Court enjoining BST from pursuing a pending arbitration proceeding. During a hearing on Biobased's Application, the Court denied the request for temporary injunctive relief and directed the parties' to submit briefs addressing the Court's jurisdiction and discretion under the All Writs Act relied upon by Biobased as

authority for the requested relief. BST filed its Brief [Doc. # 32] and Biobased filed its Reply Brief [Doc. # 33]. Based on the Court's review of the full record and the application of relevant legal authorities, the Court **denies** Biobased's Application without prejudice to the *res judicata* issue being presented to the arbitrator in the pending arbitration proceeding.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Biobased instituted an arbitration proceeding against BST to recover $132,840.00 owed pursuant to a Distribution Agreement that included an arbitration provision. The arbitrator issued an award in favor of Biobased in the amount of $162,947.57, which included the $132,840.00 principal, $12,634.00 attorneys' fees, $8,192.96 costs, and $9,280.61 interest.

Biobased then sought confirmation of the arbitration award, and BST sought to have the award vacated. This Court's sole involvement in the dispute was to apply the "exceedingly deferential" standard of review[1] and confirm the award. *See* Memorandum and Order [Doc. # 19]; Final Order [Doc. # 20]

After the Court's involvement in the dispute ended, BST instituted an arbitration proceeding raising various tort claims relating to Biobased's alleged misconduct in

---

[1]     *See Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004).

connection with the Distribution Agreement. BST has paid the full amount of the arbitration award that was confirmed by this Court.

## II. ANALYSIS

### A. Federal Arbitration Act ("FAA")

The Court's inquiry in deciding whether to compel or enjoin arbitration proceedings is limited to consideration of two questions – (1) whether there is a valid arbitration agreement and (2) does the parties' dispute fall within that arbitration agreement. *See Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006). In this case the parties have an arbitration agreement contained in the Distribution Agreement. The arbitration agreement is very broad, requiring arbitration of all disputes between the parties arising out of or related to the Distribution Agreement.

The dispute now before the Court is whether the prior arbitration under the Distribution Agreement has a *res judicata* effect to preclude the current arbitration. The arbitration agreement requires arbitration of all disputes, and it does not contain language that would require the *res judicata* defense to be treated differently than other disputes. Indeed, the preclusive effect of the prior arbitration decision is "itself a component of the dispute on the merits." *See Nat'l Union Fire Ins. Co. v. Belco Petroleum Corp.*, 88 F.3d 129, 135 (2d Cir. 1996). As a result, the *res judicata* issue is subject to arbitration and must be decided by the arbitrator in the current proceeding.

*See, e.g., Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1132 (9th Cir. 2000); *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 140 (3rd Cir. 1998) (stating that a "*res judicata* objection based on the prior arbitration is an issue to be arbitrated and is not to be decided by the courts"); *Nat'l Union*, 88 F.3d at 136; *Broadscape.com, Inc. v. KDS USA, Inc.*, 2001 WL 1063895 *7 (E.D. La. Sept. 12, 2001).

**B.     All Writs Act**

Biobased also argues that it is entitled to an injunction against the pending arbitration under the All Writs Act, 28 U.S.C. § 1651. The All Writs Act authorizes federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions . . .." 28 U.S.C. § 1651(a). The Court concludes that the All Writs Act does not provide a legal basis to stay the pending arbitration. Initially, the cases relied upon by Biobased involve a Court enjoining an arbitration proceeding in order to protect the Court's own judgment.[2] In this case, the Court did not issue its own judgment on substantive issues it decided after trial, or on a motion to dismiss or for

---

[2]     In *Kelly v. Merrill Lynch*, 985 F.2d 1067 (11th Cir. 1993), the Court enjoined an arbitration proceeding to protect its own summary judgment on the merits in a securities case. In *In re Y&A Group Sec. Litig.*, 38 F.3d 380 (8th Cir. 1994), the Court enjoined an arbitration proceeding to protect its earlier federal consent judgment. In *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132 (3rd Cir. 1998), the Court held that a court could decide the *res judicata* effect of its own Consent Decree in a prior lawsuit, but could not decide the preclusive effect of a prior arbitration proceeding.

summary judgment. "[A] judgment upon a confirmed arbitration award is qualitatively different from a judgment in a court proceeding, even though the judgment is recognized under the FAA for enforcement purposes." *See Chiron*, 207 F.3d at 1133-34. As noted by the Court in *Chiron*, the Court decides whether to confirm an arbitration award "without reviewing either the merits of the award or the legal basis upon which it was reached." *Id*.

Additionally, the Court's jurisdiction over the requests to confirm or vacate the prior arbitration award has ended; the Court's decision is now final and the prior arbitration award has been fully satisfied. The pending arbitration can have no effect on the Court's prior, non-appealable judgment confirming an arbitration award that has now been paid. As a result, the All Writs Act provides no basis for the Court to enjoin the pending arbitration proceeding between these parties.

### III.  CONCLUSION AND ORDER

The Court concludes that the *res judicata* effect of the prior arbitration award is a dispute between the parties that is subject to arbitration under the parties' arbitration agreement and, therefore, must be decided by the arbitrator in the pending arbitration.[3] The Court also concludes that the All Writs Act provides no authority for

---

[3]  The Court expresses no opinion on the merits of Biobased's *res judicata* defense to the pending arbitration.

a stay of the pending arbitration. The prior arbitration award has been fully satisfied and the Court's decision confirming the award has become final and non-appealable. Accordingly, it is hereby

**ORDERED** that Biobased Systems, L.L.C.'s Application [Doc. # 25] is **DENIED**.

SIGNED at Houston, Texas, this **9th** day of **April, 2007**.

_____
Nancy F. Atlas
United States District Judge